Khaliq Abdul RAUFI, Plaintiff,

v.

Michael CHERTOFF, Secretary; Robert Mueller, Director; Robert Devine, Acting Director; Debra Rogers, District Director Defendants.

No. 05CV2318JM.

United States District Court, S.D. California.

March 16, 2006.

---

Cheri Attix, Esq., Law Offices of Cheri Attix, San Diego, CA, Counsel for Khaliq Raufi.

Melanie Shender, Esq, U.S. Attorneys Office, San Diego, CA, Counsel for Defendants.

## ORDER GRANTING MOTION TO DISMISS

MILLER, District Judge.

Defendants move to dismiss the mandamus complaint filed by Plaintiff. Plaintiff opposes the dismissal of the complaint. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss is granted. The Clerk of Court is instructed to close the file.

## BACKGROUND

On December 21, 2005 Plaintiff Khaliq Abdul Raufi ("Raufi") commenced this action to compel Defendants to process his application for naturalization. Plaintiff entered the Untied States on April 16, 1992 and was granted asylum in 1995. (Compl.¶ 5). He became a Lawful Permanent Resident ("LPR") and applied for naturalization on July 20, 2004. Raufi attended his naturalization interview in San Diego on March 3, 2005. (Compl.¶ 8). At that time Plaintiff was informed that he passed the U.S. citizenship examination "but that his application was still pending, waiting for the completion of security background checks." (Compl.¶ 9).

Because of Plaintiff's language abilities he had several employment offers, contingent on the receipt of U.S. citizenship. Plaintiff, through counsel, or through U.S. Congressional representatives, made inquiry about the status of his case. In response, Plaintiff was informed that the security checks had yet to be completed. Plaintiff now moves to compel Defendants to process his application for naturalization.

## DISCUSSION

Defendants argue that the present action is premature because Plaintiff voluntarily waived the right to have his naturalization application adjudicated within the 120 day period of 8 U.S.C. § 1447(b). Section 1447(b) provides that if United States Immigration and Citizenship Services ("USCIS") fails to issue a decision on the applicant's naturalization application "before the end of the 120–day period after the date on which the examination is conducted," the applicant may seek a hearing in the district court.

Here, on the day of his naturalization interview, March 3, 2005, Plaintiff signed a written waiver which specifically "waives the requirement ...[that USCIS] must render a determination on my –400 Application for Naturalization within 120 days from the date of my naturalization interview/examination." (Gov't Exh. A). On December 19, 2005 Plaintiff, through counsel, notified USCIS that he was withdrawing his waiver of the 120–day statutory period for adjudication of his naturalization application. (Gov't Exh. B). The Government concludes that the waiver effectively tolls the statutory adjudication period. Allowing for tolling through December 19, 2005, the 120–day period for adjudication ends on about April 19, 2006. Conse-

quently, under a tolling theory, Plaintiff is not statutorily authorized under 8 U.S.C. § 1447(b) to commence this action until on or about April 19, 2006.

In opposition, Plaintiff specifically recognizes—in light of his signed waiver—that the Government need not adjudicate the application within 120 days of the interview. (Oppo. At p. 4:2–3). However, Plaintiff contends that the court should adopt a "reasonable time period" standard and compel Defendants to process his naturalization application. The court declines Plaintiff's invitation to judicially impose new requirements on the administrative agency charged with adjudication of naturalization applications. *See Chevron U.S.A., Inc., v. Natural. Res. Def. Council,* 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (holding that courts should defer to an administrative agency's interpretation when the statute is silent or ambiguous). The court defers to the administrative agencies' determinations that the 120 day period of time is subject to waiver principles.

The court concludes that the 120 day period for adjudicating the application commenced on December 19, 2004, the date Plaintiff revoked his waiver of the 120 day period. Consequently, USCIS has until about April 19, 2006 to complete adjudication of the application. The court notes that the results from Plaintiff's FBI investigation were completed on February 24, 2006 and Plaintiff is scheduled to be fingerprinted on March 3, 2006. Once the fingerprint check is completed, USCIS "will issue a decision on [Plaintiff's] application." (Rogers Decl. ¶ 6). Accordingly, it appears that Plaintiff will obtain the requested relief prior to the expiration of the 120–day period. The complaint is dismissed without prejudice, subject to reinstatement after expiration of the 120 period.

In sum, the motion to dismiss is granted. The Clerk of Court is instructed to close the file.

IT IS SO ORDERED.